The plaintiff is confined to the Massachusetts Treatment Center at Bridgewater. In June of 2015, five items of contraband were found in the plaintiff's cell. Based on this, and on remarks he made when confronted with the items, the plaintiff was charged administratively with eight disciplinary violations. As the result of a plea agreement, the plaintiff received and served an agreed-upon sanction of twenty days of confinement in the "minimum privilege unit" (MPU). Nevertheless, he brought an action in the nature of certiorari, G. L. c. 249, § 4, challenging the disposition of the disciplinary proceeding in various respects. After a Superior Court judge ruled in the defendants' favor, the plaintiff appealed from the judgment. We affirm.
Background. It is undisputed that as part of the plea agreement, the plaintiff pleaded "guilty" to one of the eight charges: charge 2-01, which was for "[u]nauthorized possession of items or material likely to be used in an escape." It is also undisputed that the parties agreed that five of the seven other charges would be dismissed. The parties dispute what was agreed upon with respect to the remaining two charges. The defendants maintain that the plaintiff pleaded guilty to these additional charges, while the plaintiff claims he did not. As the judge accurately observed, the "Entry of Guilty Plea" form that contemporaneously memorialized the plea agreement supports the defendants' position and contradicts the plaintiff's.
When the parties agreed to the plea agreement, they contemplated that the agreed-upon sanction of twenty days of confinement in the MPU would be imposed on charge 2-01, with no additional sanction to be imposed on the two additional charges to which the plaintiff pleaded guilty. However, when the disciplinary officer went to enter the disposition into the system, he noticed that only fifteen days of MPU confinement could be imposed on charge 2-01. He therefore reallocated the additional five days that the parties had agreed upon to one of the other charges to which the plaintiff had pleaded guilty.
Discussion. In an action in the nature of certiorari, judicial review is limited to correcting "substantial errors of law that affect material rights and are apparent on the record." Debnam v. Belmont, 388 Mass. 632, 635 (1983). Our inquiry is whether the administrative official's decision was "legally tenable and supported by substantial evidence on the record as a whole." Gloucester v. Civil Serv. Commn., 408 Mass. 292, 297 (1990).
We agree with the judge that the plaintiff has shown no reversible error here. The administrative record supports the defendants' position that the plaintiff pleaded "guilty" to three of the violations. Although it is true that the parties originally appear to have contemplated that the entirety of the twenty-day "sentence" would be imposed on charge 2-01, the plaintiff has not shown how the reallocation of that sanction between two of the charges affected his rights in any material way.[3] Indeed, he received exactly the sanction to which he agreed: twenty days in the MPU. Certiorari relief therefore was not warranted.[4]
Judgment affirmed.

The plaintiff points out that the plea agreement resulted in his being suspended from participating in the music program at the Massachusetts Treatment Center. However, this resulted from his pleading "guilty" to possession of unauthorized and altered tools, not from how the total agreed-to number of days in the MPU would be allocated between the various administrative charges to which he pleaded guilty. Moreover, the suspension from the music program for security reasons was not itself an additional disciplinary sanction. See LaChance v. Commissioner of Correction, 88 Mass. App. Ct. 507, 510-512 (2015).

This memorandum and order should not be interpreted as endorsing a practice of the Department of Correction to unilaterally modify administrative plea agreements based on the agency's belief as to what an inmate would have agreed to. In fact, even in the case before us, when departmental personnel learned that the agreed-to settlement could not be implemented in the specific form to which the parties had agreed, the better practice would have been to bring this information and the agency's proposed resolution back to the inmate for ratification. Nevertheless, under the particular facts before us, the inmate has not shown a material violation of his rights warranting certiorari relief.
To the extent the plaintiff raises additional arguments in his brief, these arguments "have not been overlooked. We find nothing in them that requires discussion." Department of Rev. v. Ryan R., 62 Mass. App. Ct. 380, 389 (2004) (quotation omitted).